### The PEOPLE of the State of Colorado, Complainant,

### v.

### James R. CRAIG, Jr., Attorney-Respondent.

### No. 82SA145.

Supreme Court of Colorado, En Banc.

Nov. 15, 1982.

Linda A. Donnelly, Disciplinary Prosecutor, Denver, for complainant.

No appearance for attorney-respondent.

ROVIRA, Justice.

On September 30, 1981, a complaint charging James R. Craig, Jr. (Respondent) with unprofessional conduct was filed with the Colorado Supreme Court Grievance Committee. The Respondent was admitted to practice law in Colorado on April 15, 1971, and is subject to the jurisdiction of this court.

Count 1 of the complaint alleged that the Respondent had been retained as attorney

---

for the Estate of Edward Olen Venable in March 1978 and had failed to promptly handle and close the estate although the personal representative had, on many occasions, sought such action.

Count 2 alleged that the Respondent and Mr. Venable, prior to his death, had been partners in the practice of law; and after Mr. Venable's death, Respondent took possession of office furniture belonging to Mr. Venable and refused to reimburse the estate despite demands of the personal representative.

Count 3 alleged that in September 1980, as a result of a complaint filed by the personal representative, Panel A of the Grievance Committee issued to Respondent a Letter of Admonition and instructions that the Venable Estate be closed within ninety days. Further, that the Respondent failed to close the estate and refused to respond to the inquiries of the personal representative and representatives of the Grievance Committee.

The Respondent failed to file an answer to the complaint and elected not to appear, personally or by counsel, at the hearing conducted by the Hearing Committee.

The undisputed evidence revealed that subsequent to Mr. Venable's death in 1978 the Respondent was retained by the decedent's brother to handle the estate. The estate was adequately and professionally handled by the Respondent for approximately six months, but after that time, the Respondent failed to take any further action.

The evidence further disclosed that subsequent to receiving the Letter of Admonition and instructions the Respondent failed to take any action to close the estate and refused to respond to inquiries by the Personal Representative or the representatives of the Grievance Committee.

The Hearing Committee found that the Respondent was suspended in July 1981 for failure to pay a registration fee pursuant to Rule 227(A)(2). It concluded that Respondent had violated C.R.C.P. Rule 241(B) (con-

duct that violates the Code of Professional Responsibility and conduct that constitutes gross carelessness or gross negligence, committed by an attorney in his capacity as an attorney); DR 1–102(A)(6) (engaging in conduct that adversely reflects on fitness to practice law); and DR 6–101(A)(3) (neglect of a legal matter).

The Hearing Committee recommended that the Respondent be suspended from the practice of law for one year and one day. Further, that if the Respondent seeks reinstatement the requirements of C.R.C.P. 241.22(b) shall apply, and he shall be required to demonstrate by clear and convincing evidence that he is not mentally disabled, but is competent to practice law, by presenting the testimony of a qualified medical expert designated by the Hearing Board appointed to consider the petition for reinstatement. The Hearing Panel concurred in the Findings, Conclusions, and Recommendations.

We approve and adopt the findings, conclusions, and recommendations of the Grievance Committee. Accordingly, it is ordered that Respondent is suspended from the practice of law for a period of one year and one day from the date hereof. The respondent shall not be reinstated to the practice of law until he has complied with the conditions for reinstatement as set out above.

It is further ordered that the Respondent shall pay costs of this proceeding in the amount of $153.27 to the Grievance Committee, 190 E. 9th Avenue, Denver, Colorado 80203, within 60 days of the date hereof.