**The PEOPLE of the State of Colorado, Complainant,**

v.

**James R. CRAIG, Attorney-Respondent.**

**No. 85SA231.**

Supreme Court of Colorado,
En Banc.

Sept. 30, 1985.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

No appearance for respondent.

ROVIRA, Justice.

A complaint was filed with the Grievance Committee of the Supreme Court in April 1983 charging the respondent, James R. Craig, with unprofessional conduct in violation of C.R.C.P. 241.6 and the Code of Professional Responsibility. Service was made upon the respondent in accordance with C.R.C.P. 241.25(b). The respondent failed to file an answer, and in August 1983 an order of default was entered declaring that all of the allegations of the complaint were deemed admitted. A hearing was held on November 19, 1983, at which time the respondent failed to appear in person or by attorney.

Count I of the complaint alleged that the respondent was licensed to practice law in Colorado on April 15, 1971, and is subject to the jurisdiction of this court and its Grievance Committee. It further stated that in 1981 the respondent agreed to represent William A. Thompson concerning a claim Thompson had with his disability insurance carrier and a bankruptcy proceeding. Thompson gave respondent $60 to be used for the bankruptcy filing fee.

Several weeks later, Thompson learned that the respondent had abandoned his law practice. He attempted without success to

---

obtain a refund of his $60 and recover certain documents which he had given to respondent.

Count II of the complaint alleged that the respondent failed to respond to the informal complaint submitted to him by the Grievance Committee, in violation of C.R. C.P. 241.6(7).

The Hearing Board, after reviewing the complaint and the Report of Investigation submitted by the investigative counsel, made its Findings, Conclusions, Incomplete Recommendations, and Stayed Further Proceedings. It determined that there was clear and convincing evidence to support a conclusion that the respondent's conduct violated C.R.C.P. 241.6; DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(6) (conduct that adversely reflects on his fitness to practice law); DR 6–101(A)(3) (neglect of a legal matter); DR 9–102(B)(4) (failure to return client funds and properties) and C.R.C.P. 241.6(7) (failure to respond to a request by the Grievance Committee). It further found that the respondent had been suspended from the practice of law on November 15, 1982. *People v. Craig*, 653 P.2d 1115 (Colo.1982).

The Hearing Board also noted that after making its findings and during the period of time when it was considering the discipline to be recommended it received an affidavit of the Disciplinary Prosecutor. The affidavit stated that on April 18, 1984, she received a letter from the respondent dated April 13, 1984, and a money order in the amount of $60 payable to Thompson.

Respondent's letter stated he regretted the delay in returning the money to Thompson, that he had been ill, and he doubted his ability to return to the practice of law for a long time even if he were permitted to do so.

After receiving respondent's letter, the Disciplinary Prosecutor wrote to the respondent and advised him that the Hearing Board was concerned about his illness and requested more information. A few days later the respondent spoke with Susan Berry, a staff member of the Grievance Committee, and advised her that he had been mentally ill and under treatment for many years, that he did not feel capable of practicing law, and he would authorize his doctor to speak to Berry.[1]

The respondent's treating therapist, David K. Diffee, wrote a letter dated June 7, 1984, to the Disciplinary Prosecutor's office in which he reviewed the respondent's mental condition and course of treatment. He stated that in September 1983, when he first saw the respondent, the respondent was suffering from severe depression, that as a result of therapy the respondent had improved substantially, and by April 1984 was able to function within a normal range. Diffee concluded his report by stating that respondent "has sufficiently recovered from his diagnosed condition to practice law if he so chooses or defend himself in a proceeding should the need arise."

As a result of this information, the Hearing Board concluded that C.R.C.P. 241.19(d) was applicable[2] and recommended that a

---

1. This information was presented to the Hearing Board by an affidavit of Susan Berry.

2. C.R.C.P. 241.19(d):

   **Procedure When Lawyer Alleges Disability During Course of Proceedings.** If in the course of proceedings conducted pursuant to these Rules the lawyer alleges disability by reason of mental or emotional infirmity or illness, including addiction to drugs or intoxicants, which impairs his ability to defend himself adequately in such proceedings or which impairs his ability to practice law, the Supreme Court shall enter an order transferring the lawyer to disability inactive status. Thereafter, the Supreme Court shall order a

   medical examination of the lawyer. Upon review of the report of the medical examination, the Supreme Court may either:

   (1) Continue the order transferring the lawyer to disability inactive status; or

   (2) Enter any other appropriate order, including an order directing further examination of the lawyer, and defer the proceedings pending against the lawyer; or

   (3) Discharge the order transferring the lawyer to disability inactive status and order that the proceedings pending against the lawyer be resumed. In no event shall the lawyer be reinstated to practice law pending the final

petition be filed with this court pursuant to C.R.C.P. 241.19(c)[3] to determine whether respondent was incapable of practicing law by reason of mental or emotional infirmity.

The recommendation of the Hearing Board was submitted to the Hearing Panel, which instructed the Disciplinary Prosecutor to file with the Supreme Court a petition for transfer of the respondent to disability inactive status. A Petition to Show Cause was filed by the Disciplinary Prosecutor. An Order and Rule to Show Cause was entered, and the respondent was subsequently examined by Dr. Frederick Miller.

Dr. Miller's report indicated that the respondent had suffered unipolar depression over a period of years but the condition appeared to be currently in remission. He was of the opinion that the respondent was "at great risk of recurrence, likely of disabling intensity at some time in the foreseeable future" but at the present time he was competent to proceed in the matter before the Grievance Committee. Dr. Miller also stated that the respondent is probably competent to practice law except for two important considerations—respondent's fearfulness of the stresses such practice holds for him, and the liklihood of a recurrence of affective symptoms in the foreseeable future.

In October 1984, this court dismissed the disability proceedings and referred the matter to the Hearing Board for further

consideration. The Hearing Board conducted another hearing in March 1985 at which the respondent was present and testified. The Board then entered its Findings, Conclusions, and Recommendations. It reaffirmed its earlier findings and conclusions that the respondent had violated certain disciplinary rules. In addition, it noted that the respondent suffers from unipolar depression which was in remission, that the respondent indicated he did not intend to practice law, and that the respondent desired that "his future absence from the practice of law be the product of his choice rather than being the result of the Court's revocation of his licensure as an attorney."

Noting that the respondent had received two letters of admonition and had been suspended in 1982, the Hearing Board recommended that the respondent be further suspended from the practice of law for an additional year and a day. It also recommended that prior to reinstatement the respondent should be required to undergo a thorough mental health examination to determine his fitness to practice law. The respondent did not file exceptions, and the Findings, Conclusions, and Recommendations were subsequently approved by the Hearing Panel.

Our examination of the record leads us to conclude that the Hearing Board's Findings, Conclusions, and Recommendations are correct. It is clear from the medical

disposition of the proceedings commenced pursuant to these Rules.

3. C.R.C.P. 241.19(c):

**Transfer to Disability Inactive Status Following a Hearing.** Whenever any interested party shall petition the Supreme Court to determine whether a lawyer is incapable of continuing to practice law by reason of mental or emotional infirmity or illness, including addiction to drugs or intoxicants, or where the Supreme Court is informed that the lawyer in a proceeding conducted pursuant to these Rules is so incapacitated as to be unable to defend himself, the Supreme Court shall direct such action as it deems necessary or proper to determine whether the lawyer is incapacitated, including an examination of the lawyer by qualified medical experts designated by the Supreme Court; provided, how-

ever, that before any medical examination or other action may be ordered the Supreme Court must afford the lawyer against whom disability proceedings are pending an opportunity to show cause why such examination or action should not be ordered. If, upon due consideration of the matter, the Supreme Court determines that the lawyer is incapable of continuing to practice law it shall enter an order transferring him to disability inactive status. Such order shall remain in effect until altered by the Supreme Court.

A lawyer against whom disability proceedings are pending shall be given notice of such proceedings. Notice shall be given in such a manner as the Supreme Court may direct. The Supreme Court may appoint counsel to represent the lawyer if he is without adequate representation.

reports and the respondent's own testimony that he suffers from deep episodic depression which interferes with his ability to practice law. Respondent further testified that he did not intend to practice law and was concerned that the stress related to the practice might activate his depression that is now in remission.

Accordingly, it is ordered that the respondent be suspended from the practice of law for one year and one day. The respondent shall not be reinstated to the practice of law until he has complied with the conditions for reinstatement set out in the Hearing Board's recommendations. The respondent is ordered to pay costs of $767.06 to the Supreme Court Grievance Committee within sixty days from the date of the announcement of this opinion.

